**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL HULL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **1:18-cv-00595** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **JPMORGAN CHASE & CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, MICHAEL HULL, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, JPMORGAN CHASE & CO., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for all damages allowable under the Electronic Funds Transfer Act, 15 U.S.C. §1693, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    MICHAEL HULL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5.    At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in his name with Defendant (hereinafter, "Plaintiff's Chase Account").

7. At all relevant times, Plaintiff's Chase Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's Chase Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. JPMORGAN CHASE & CO., (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant is incorporated in the State of Delaware.

10. At all relevant times, Defendant was a bank that held Plaintiff's Chase Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, the entities that initiated the transfers which are the subject of this lawsuit each received funds from Plaintiff's Chase Account, which were transferred to such entities via an electronic terminal, telephonic instruction or computer or magnetic tape after such entities instructed Defendant to transfer funds to such entities from Plaintiff's Chase Account.

14. At all relevant times, the entities that initiated the transfers which are the subject of this lawsuit were payees that were the recipient of funds transferred from Plaintiff's Chase Account to such entities.

15.     At all relevant times the electronic transfers of funds from Plaintiff's Chase Account to the entities that initiated such transfers constitute "electronic fund transfers" as that term is defined by 15 U.S.C. §1693a(7).

## IV.     ALLEGATIONS

16.     In or around December of 2016, Plaintiff began experiencing significant, and potentially life-threatening, medical issues.

17.     From in or around December of 2016 through June of 2017, these medical issues included a suspicion of lung cancer, which, fortunately, turned out to be benign, but resulted in a heightened level of stress during this time period.

18.     While no longer dealing with the looming possibility of lung cancer, Plaintiff continued to suffer from other significant medical issues beyond June of 2017 and into the present.

19.     Due to Plaintiff's serious medical issues during this time period, Plaintiff did not monitor his Chase Account as closely as he otherwise would.

20.     In or around October of 2017, Plaintiff first became aware that his Chase Account had been compromised and several fraudulent electronic funds transfers had been initiated between January 19, 2017 through October 10, 2017.

21.     Plaintiff's Chase Account statement for the time period of January 14, 2017 through February 13, 2017, which was sent to Plaintiff on or after February 14, 2017, contains two (2) fraudulent transfers via Paypal totaling $2,399.04.

22.     Plaintiff's Chase Account statement for the time period of February 14, 2017 through March 13, 2017, which was sent to Plaintiff on or after March 14, 2017, contains four (4) fraudulent transfers via Paypal totaling $987.94.

23.     Plaintiff's Chase Account statement for the time period of March 14, 2017 through April 13, 2017, which was sent to Plaintiff on or after April 14, 2017, contains six (6) fraudulent transfers via Paypal totaling $1,514.04.

24.     Plaintiff's Chase Account statement for the time period of April 14, 2017 through May 11, 2017, which was sent to Plaintiff on or after May 12, 2017, contains 13 fraudulent transfers via Paypal totaling $5,751.45.

25.     Plaintiff's Chase Account statement for the period of May 12, 2017 through June 13, 2017, which was sent to Plaintiff on or after June 14, 2017, contains 13 fraudulent transfers via Paypal totaling $12,687.80.

26.     Plaintiff's Chase Account statement for the period of June 14, 2017 through July 14, 2017, which was sent to Plaintiff on or after July 15, 2017, contains 23 fraudulent transfers via Paypal totaling $23,240.79.

27.     Plaintiff's Chase Account statement for the period of July 15, 2017 through August 11, 2017, which was sent to Plaintiff on or after August 12, 2017, contains 23 fraudulent transfers via Paypal totaling $31,718.99.

28.     Plaintiff's Chase Account statement for the period of August 12, 2017 through September 14, 2017, which was sent to Plaintiff on or after September 15, 2017, contains 33 fraudulent transfers via Paypal totaling $41,489.95.

29.     Plaintiff's Chase Account statement for the period of September 15, 2017 through October 13, 2017, which was sent to Plaintiff on or after October 14, 2017, contains 43 fraudulent transfers via Paypal totaling $57,500.78.

30.     Each of the fraudulent transfers contained within the September 15, 2017 through October 13, 2017 statement were made on or before October 10, 2017.

31.     The total amount of money fraudulently debited from Plaintiff's Chase Account via Paypal from January 19, 2017 through October 10, 2017 is $177,290.78.

32.     At the time of the fraudulent transfers, Plaintiff had an account with Paypal, but had not used such account in several years.

33.     Plaintiff did not initiate or authorize any transfers from his Chase Account through Paypal in 2017.

34.     Prior to October 10, 2017, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's Chase Account via Paypal between January 19, 2017 and October 10, 2017.

35.     Plaintiff did not provide any person or entity with consent to debit funds from Plaintiff's Chase Account via Paypal.

36.     Plaintiff did not provide Defendant with consent for any person or entity to debit funds from Plaintiff's Chase Account via Paypal.

37.     Prior to October 10, 2017, Plaintiff was not aware that $177,290.78 had been debited from Plaintiff's Chase Account via Paypal, as delineated above.

38.     On October 10, 2017, Plaintiff viewed his Chase Account information online and discovered several transfers pending via Paypal.

39.     Plaintiff immediately called Defendant and was told to gather his monthly statements and take them to a local branch location.

40.     On or about October 10, 2017, Plaintiff visited a local branch location of Defendant and submitted the aforementioned statements regarding his Chase Account, and identified each of the posted and pending fraudulent transfers relative to his account, which would later appear on his September 15, 2017 through October 13, 2017 statement.

41. On or about October 10, 2017, Plaintiff informed Defendant of the aforementioned fraudulent transfers.

42. Pursuant to 15 U.S.C. § 1693f(a), Defendant was required to investigate all alleged errors that Plaintiff had disputed within 60 days of Defendant's transmittal of documentation containing such errors.

43. Plaintiff disputed the fraudulent charges on his Chase Account statement for the time period of July 15, 2017 through August 11, 2017 within 60 days of Defendant's transmittal of that statement.

44. Plaintiff disputed the fraudulent charges on his Chase Account statement for the period of August 12, 2017 through September 14, 2017 within 60 days of Defendant's transmittal of that statement.

45. Plaintiff disputed the posted and pending fraudulent charges which would later appear on Plaintiff's Chase Account statement for the period of September 15, 2017 through October 13, 2017 within 60 days of Defendant's transmittal of documentation containing those charges (i.e., Plaintiff's online account history).

46. On or about October 11, 2017, Defendant sent Plaintiff a correspondence indicating that Defendant had researched Plaintiff's claim and determined that the transactions were valid.

47. On or about October 16, 2017, Plaintiff sent Defendant a correspondence identifying Plaintiff's recent medical issues and informing Defendant that if its decision was based on a reading of § 1693f which limited Defendant's obligation to investigate claims made within 60 days of the first instance of fraud on an account, then Defendant was incorrect and would at a minimum be required to investigate the statements from July 15, 2017 through August

11, 2017 and later, including the pending charges that would later appear on the October statement.

48.     On or about December 8, 2017, Defendant sent Plaintiff a correspondence indicating that Defendant could not approve Plaintiff's claim because Plaintiff did not report the unauthorized transactions within 60 days of the **first** statement on which the unauthorized transactions appeared, per page 21 of Defendant's Deposit Account Agreement.

49.     By including in its Deposit Account Agreement a provision that limits Defendant's duty to investigate an allegedly unauthorized transaction to only claims by consumers which are reported within 60 days of the first statement on which the unauthorized transactions appear, Defendant attempts to force consumers to waive some of their rights under 15 U.S.C. § 1693f.

50.     15 U.S.C. § 1693l states in pertinent part, "[n]o writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this subchapter."

51.     Because the Deposit Account Agreement contains a provision which attempts to limit Plaintiff's rights under 15 U.S.C. § 1693f, the provision is unenforceable.

52.     To date, Defendant has not conducted a sufficient investigation relative to the errors complained of by Plaintiff.

53.     To date, Defendant has not sufficiently reported the result of any putative investigation it conducted relative to the errors complained of by Plaintiff.

54.     Alternatively, to date, Defendant has not issued Plaintiff a credit for the fraudulent Paypal transfers debited from Plaintiff's Chase Account.

55.     While Defendant, at some point, appears to have credited approximately $4,900.00 back to Plaintiff's account without explanation, Plaintiff remains without the majority of the $130,709.72 debited from his Chase Account as a result of the fraudulent Paypal transfers from July 15, 2017 through October 10, 2017.

56.     Plaintiff is neither legally responsible or obligated to pay the $130,709.72 debited from Plaintiff's Chase Account as a result of the fraudulent Paypal transfers from July 15, 2017 through October 10, 2017.

57.     Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(a).

58.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, MICHAEL HULL, by and through his attorneys, respectfully prays for respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

        a.     All actual compensatory damages suffered;

        b.     Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A) and §1693f(e);

        c.     Plaintiff's attorneys' fees and costs; and,

        d.     Any other relief deemed appropriate by this Honorable Court.

## V.     JURY DEMAND

59.     Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**MICHAEL HULL**

By:    s/ David M. Marco         
            Attorney for Plaintiff

Dated: January 26, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:    dmarco@smithmarco.com